**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RYAN SHULMAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRADLEY WESTON and TODD VOGENSEN,<br><br>　　　　　　　Defendants. | Case No. 2:23-cv-04121-JXN-CLW<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF CRAIG WIGAND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND IN OPPOSITION TO COMPETING MOTIONS** |

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 3

MR. WIGAND SHOULD BE APPOINTED LEAD PLAINTIFF ................................................. 3

    A.    Mr. Wigand has the Largest Financial Interest ........................................................ 3

    B.    Mr. Wigand Satisfies the Relevant Requirements of Rule 23 ................................. 4

MR. WIGAND'S SELECTION OF COUNSEL SHOULD BE APPROVED .............................. 5

THE COMPETING MOTIONS SHOULD BE DENIED ............................................................. 6

CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

Case                                                                                            Page(s)

*Chao Sun v. Han*,
  No. 15-CV-703, 2015 WL 2364937 (D.N.J. May 14, 2015)...................................................... 5

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ....................................................................................... 3, 5, 6

*In re Merck & Co., Inc. Sec.*,
  No. 05-CV-1151 (SRC), 2013 WL 396117 (D.N.J. Jan. 30, 2013)........................................... 4

*Montesano v. Eros Int'l PLC*,
  No. 19-CV-14125 (JMV) (JAD), 2020 WL 1873015 (D.N.J. Apr. 14, 2020) .......................... 3

*Roby v. Ocean Power Techs., Inc.*,
  No. 14-CV-3799 (FLW) (LHG), 2015 WL 1334320 (D.N.J. Mar. 17, 2015) .......................... 2

*Sklar v. Amarin Corp. PLC*,
  No. 13-CV-06663 (FLW) (TJB), 2014 WL 3748248 (D.N.J. July 29, 2014) .......................... 4

*W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*,
  No. 13-CV-6731, 2014 WL 1395059 (E.D. Pa. Apr. 10, 2014)................................................ 1

Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .............................................................................................. 3, 5
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)............................................................................................ 4
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)......................................................................................... 2, 3, 5
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................................... 5
15 U.S.C. § 78u-4(a)(3)(B)(v) ......................................................................................................5

Proposed Lead Plaintiff Craig Wigand respectfully submits this memorandum of law in further support of his Motion for appointment as Lead Plaintiff and approval of selection of counsel (ECF No. 9), and in opposition to the competing motions.[1]

**INTRODUCTION**

On October 2, 2023, Mr. Wigand filed a timely motion pursuant to the PSLRA for an Order: (1) appointing Mr. Wigand as Lead Plaintiff; (2) approving Mr. Wigand's selection of Berger Montague as Lead Counsel for the class; and (3) granting any such further relief as the Court may deem just and proper. In addition to Mr. Wigand's Motion, motions seeking appointment as Lead Plaintiff were filed by three other investors in Party City securities, including: (1) John Butler (ECF No. 8); (2) Michael Svaleson (ECF No. 10); and (3) Joel Moreno (ECF No. 11) (collectively, the "Competing Movants"). Since October 2, 2023, *all* of the Competing Movants have filed notices of non-opposition indicating that, having reviewed all of the lead plaintiff motions, they no longer challenge Mr. Wigand's entitlement to appointment as Lead Plaintiff. *See* ECF Nos. 12, 13, and 14. Accordingly, Mr. Wigand's motion is now unopposed.

Under the analysis required by the PSLRA, Mr. Wigand is the "most adequate plaintiff" in that he is the movant asserting the largest financial interest and has made a *prima facie* showing of typicality and adequacy. *See* 15 U.S.C. § 78u4(a)(3)(B)(iii)(I). Mr. Wigand is therefore the presumptive Lead Plaintiff.

*First*, as the table below demonstrates, Mr. Wigand suffered the largest losses under a LIFO or FIFO methodology in connection with his Class Period transactions in Party City securities:[2]

---

[1] Unless otherwise indicated, all capitalized terms are defined in Mr. Wigand's Motion and accompanying Memorandum of Law, *see* ECF Nos. 9 and 9-1, and all internal citations are omitted.

[2] "It is acceptable for courts in the Third Circuit to use either the LIFO or FIFO method of loss calculation." *W. Palm Beach Police Pension Fund v. DFC Glob. Corp.*, No. 13-CV-6731, 2014

| Movant | Claimed Losses |
|---|---|
| Mr. Wigand | $425,629 (LIFO/FIFO) |
| ~~John Butler~~ | ~~$59,677~~ (LIFO) |
| ~~Michael Svaleson~~ | ~~$46,692~~ |
| ~~Joel Moreno~~ | ~~$23,718~~ |

Accordingly, Mr. Wigand possesses the "largest financial interest" in this litigation. *See Roby v. Ocean Power Techs., Inc.*, No. 14-CV-3799 (FLW) (LHG), 2015 WL 1334320, at *14 (D.N.J. Mar. 17, 2015) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff").

*Second*, in addition to asserting the dominant financial interest, Mr. Wigand readily satisfies the typicality and adequacy requirements of Rule 23 and is perfectly situated to represent all class members. Indeed, as set forth in his Memorandum of Law in support of his motion for appointment as Lead Plaintiff and approval of selection of Lead Counsel, Mr. Wigand is "committed to overseeing and directing his counsel, Berger Montague, in this litigation" and "is committed to maximizing the recovery for the Class of investors he represents." *See* ECF No. 9-1, p. 10.

*Third*, because there is no "proof" to rebut Mr. Wigand's presumptive status as the most adequate plaintiff under the PSLRA – and none of the Competing Movants offered any – Mr. Wigand is entitled to appointment as Lead Plaintiff and the competing motions must be denied. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption).

*Fourth*, Mr. Wigand has selected Berger Montague as Lead Counsel. Berger Montague is

---

WL 1395059, at *5 (E.D. Pa. Apr. 10, 2014).

a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders. Thus, Berger Montague is highly qualified to prosecute this case and should be appointed Lead Counsel for the class. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

Accordingly, as discussed below, Mr. Wigand respectfully submits that for the foregoing reasons, as well as the fact that none of the Competing Movants oppose Mr. Wigand's Motion, the Court should grant his Motion in its entirety and deny the Competing Movants' motions.

## ARGUMENT

### MR. WIGAND SHOULD BE APPOINTED LEAD PLAINTIFF

Under the PSLRA, the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is the presumptively most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The process is sequential, and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "proof" that the movant will not fairly and adequately represent the class or is subject to unique defenses. *Id.* § 78u-4(a)(3)(B)(iii)(II). Because Mr. Wigand is the presumptively most adequate plaintiff to represent the class and no "proof" exists that could rebut that presumption, Mr. Wigand is entitled to appointment as Lead Plaintiff. *Montesano v. Eros Int'l PLC*, No. 19-CV-14125 (JMV) (JAD), 2020 WL 1873015, at *10 (D.N.J. Apr. 14, 2020). Importantly, none of the Competing Movants challenges Mr. Wigand's qualifications to serve as Lead Plaintiff under the PSLRA. *See* ECF Nos. 12, 13, and 14.

### A.    Mr. Wigand has the Largest Financial Interest

Based on the movants' respective submissions to the Court, it is clear that Mr. Wigand

3

suffered the largest losses in connection with his Class Period transactions in Party City securities, and thus, possesses the largest financial interest of any movant before the Court. Indeed, the Competing Movants all appear to have recognized this fact, as each no longer opposes Mr. Wigand's appointment. The following chart illustrates each movant's financial interest:



### B.    Mr. Wigand Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, Mr. Wigand also satisfies the applicable requirements of Rule 23 – adequacy and typicality. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Sklar v. Amarin Corp. PLC*, No. 13-CV-06663 (FLW) (TJB), 2014 WL 3748248, at *6 (D.N.J. July 29, 2014).

As demonstrated in his opening brief, Mr. Wigand's claims are typical of the Class's claims. *See generally* ECF No. 9-1. Like all other class members, Mr. Wigand: (1) purchased party City securities during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby. *See In re Merck & Co., Inc. Sec.*, No. 05-CV-1151 (SRC), 2013 WL 396117, at *5 (D.N.J. Jan. 30, 2013). Mr.

Wigand also satisfies Rule 23's adequacy requirement because he is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(II)(aa). Mr. Wigand, by asserting the largest losses of any movant before the Court, has more than a sufficient interest in this case to ensure the vigorous prosecution of this litigation. As demonstrated in Mr. Wigand's opening Memorandum of Law, Mr. Wigand is "committed to overseeing and directing his counsel, Berger Montague, in this litigation" and "is committed to maximizing the recovery for the Class of investors he represents." *See* ECF No. 9-1, p. 10. Thus, Mr. Wigand interests are clearly aligned with other class members and there is no evidence of any conflicts. *See Chao Sun v. Han*, No. 15-CV-703, 2015 WL 2364937, at *3 (D.N.J. May 14, 2015) (adequacy satisfied where the movant retains "counsel with the resources, experience and expertise to efficiently and effectively prosecute this action, and [where] significant financial losses demonstrate that [movant] has sufficient incentive to ensure vigorous advocacy").

Moreover, no "proof" exists – nor has any been offered – to rebut Mr. Wigand's presumptive status as the most adequate plaintiff under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut presumption).

Because he possesses "the largest financial interest in the relief sought by the class" and "otherwise satisfies the relevant requirements of Rule 23," Mr. Wigand should be appointed as Lead Plaintiff. *See id*. § 78u-4(a)(3)(B)(iii)(I).

### MR. WIGAND'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See id*. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *In re Cendant Corp. Litig.*, 264 F.3d at 276 (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's

decisions as to counsel selection and counsel retention"). Accordingly, Mr. Wigand's selection of Berger Montague – a firm with significant experience prosecuting complex securities class actions – as Lead Counsel should be approved.

## THE COMPETING MOTIONS SHOULD BE DENIED

As demonstrated above, each Competing Movant's claimed losses are lower than Mr. Wigand's losses – a fact which each Competing Movant acknowledges – and there is no "proof" to rebut Mr. Wigand's presumptive status. *See* ECF Nos. 12, (presenting no argument challenging Mr. Wigand's presumptive status), 13 (same), and 14 (same). This, without more, is sufficient to deny the competing movants' motions under the PSLRA's lead plaintiff selection process. *In re Cendant Corp. Litig.*, 264 F.3d at 263.

## CONCLUSION

For the foregoing reasons, Mr. Wigand respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Mr. Wigand as Lead Plaintiff; (2) approving Mr. Wigand's selection of Berger Montague as Lead Counsel for the Class; and (3) denying the competing motions.

Dated: October 23, 2023                    Respectfully submitted,


                                           */s/ Michael Dell'Angelo*
                                           Michael Dell'Angelo
                                           Andrew Abramowitz
                                           James Maro
                                           BERGER MONTAGUE PC
                                           1818 Market Street, Suite 3600
                                           Philadelphia, PA 19103
                                           Tel: (215) 875-3000
                                           Email: mdellangelo@bm.net
                                                  aabramowitz@bm.net
                                                  jmaro@bm.net

                                           *Attorneys for Lead Plaintiff Movant*
                                           *Craig Wigand and Proposed*

6

*Lead Counsel for the Class*

Joshua H. Grabar, Esq.
**GRABAR LAW OFFICE**
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 267-507-6085
jgrabar@grabarlaw.com

*Additional Counsel for Lead Plaintiff Movant
Craig Wigand*

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 23, 2023, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.

> */s/ Michael Dell'Angelo*
> Michael Dell'Angelo

8