Michael Dell'Angelo (Bar No. 32581997)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net

*Lead Counsel for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN SHULMAN, individually and on behalf of all others similarly situated, | Case No. 2:23-cv-04121-JXN-CLW |
| *Plaintiff*, | |
| v. | **CLASS ACTION** |
| BRADLEY M. WESTON and TODD E. VOGENSEN, | |
| *Defendants*. | |

### PLAINTIFF'S NOTICE OF SUPPLEMENTAL
### AUTHORITY IN FURTHER OPPOSITION TO DEFENDANTS'
### MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT

Lead Plaintiff Craig Wigand ("Plaintiff"), individually and on behalf of all others similarly

situated, respectfully submits this Notice of Supplemental Authority in Further Opposition to

Defendants' Motion to Dismiss the Amended Class Action Complaint. *See* ECF Nos. 33, 35.

On August 19, 2025, this Court issued an opinion in *Levon v. CorMedix Inc.*, No. 2:21-cv-

14020-JXN-CLW, 2025 WL 2400346 (D.N.J. Aug. 19, 2025) ("*CorMedix*"), denying the motion

to dismiss of defendants CorMedix Inc. and various individual defendants. The *CorMedix* opinion

is attached hereto as Exhibit A.

1

In *CorMedix*, as in the above-captioned action, the plaintiffs alleged that the defendants made false and misleading statements and omissions in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. *CorMedix Inc.*, 2025 WL 2400346, at *6. The misrepresentations and omissions at issue in *CorMedix* relate to a biopharmaceutical company's efforts to secure approval by the U.S. Food and Drug Administration ("FDA") of its New Drug Application ("NDA") for DefenCath, a solution placed into catheters to reduce infections. *Id.* at *1. In denying the motion to dismiss, the Court found that, while there exists no affirmative duty to disclose *all* material information, having put certain issues "in play" by affirmatively speaking to them, the defendants obligated themselves to disclose other omitted facts which "would have significantly altered the mix of information available to a reasonable investor." *Id.* at *9 (internal quotations omitted). This ruling provides additional support for arguments made by Plaintiff in the instant action in the Opposition to Defendants' Motion to Dismiss. *See* ECF No. 35. In that Opposition brief, Plaintiff argues that Defendants' statements regarding Party City's liquidity "triggered a duty to speak truthfully and completely about the Company's liquidity." ECF No. 35 at 11. Just as this Court in *CorMedix* found certain statements actionable because the defendants omitted other material information, the Court should find Defendants' representations as to Party City's liquidity actionable because they "concealed material facts necessary to make the affirmative liquidity disclosures not misleading." *Id.* at 12.

In addition, the Court in *CorMedix* ruled that the "core operations" doctrine supported a finding of scienter. Noting that the core operations doctrine may contribute to an inference of scienter when "viewing the entirety" of the pleading, the Court found that "DefenCath's approval was critical to CorMedix's viability," as were other facts alleged in the complaint, and that at the motion to dismiss stage, "these allegations are sufficient to support scienter based upon the core

operations doctrine." *CorMedix Inc.*, 2025 WL 2400346, at *23. This finding lends further support to Plaintiff's argument in the case at bar that the core operations doctrine contributes to an inference of scienter because, among other things, "liquidity issues were so critical to the Company that it threatened the Company's very survival." ECF No. 35 at 24. In both instances – *CorMedix* and here – Defendants' statements speak to the company's core business, thus giving rise to an inference of scienter.

For the foregoing reasons, this Court's opinion in *CorMedix* further supports the denial of Defendants' Motion to Dismiss in the above-captioned action.

Dated: September 9, 2025                           Respectfully submitted,

                                                  */s/ Michael Dell'Angelo*
                                                  Michael Dell'Angelo (Bar No. 32581997)
                                                  **BERGER MONTAGUE PC**
                                                  1818 Market Street, Suite 3600
                                                  Philadelphia, PA 19103
                                                  Tel: (215) 875-3000
                                                  Email: mdellangelo@bm.net

                                                  *Lead Counsel for Plaintiff and the Putative Class*

                                                  Joshua H. Grabar (*pro hac vice*)
                                                  Grabar Law Office
                                                  One Liberty Place
                                                  1650 Market Street, Suite 3600
                                                  Philadelphia, PA 19103
                                                  267-507-6085
                                                  jgrabar@grabarlaw.com

                                                  *Counsel for the Putative Class*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2025, the foregoing was served upon all counsel of record via the Court's CM/ECF electronic filing system.


*/s/ Michael Dell'Angelo*
Michael Dell'Angelo