Andrew J. Levander (*pro hac vice*)
Neil A. Steiner (*pro hac vice*)
David A. Kotler
Angela M. Liu (*pro hac vice*)
Stormie B. Mauck (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Sixth Avenue
New York, NY 10036
Tel: (212) 698-3500
andrew.levander@dechert.com
neil.steiner@dechert.com
david.kotler@dechert.com
angela.liu@dechert.com
stormie.mauck@dechert.com

*Attorneys for Defendants Bradley M.*
*Weston and Todd E. Vogensen*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RYAN SHULMAN, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>v.<br><br>BRADLEY M. WESTON and TODD E. VOGENSEN,<br><br>   *Defendants*. | Civil Action No.: 2:23-cv-04121-JXN-CLW |

**RESPONSE TO PLAINTIFF'S NOTICE OF**
**SUPPLEMENTAL AUTHORITY**

In its Notice of Supplemental Authority, Plaintiff offers this Court's decision in *Levon v. CorMedix Inc.*, 2025 WL 2400346 (D.N.J. Aug. 19, 2025) as further authority for its arguments in opposition to Defendants' Motion to Dismiss. Specifically, Plaintiff claims that *CorMedix* bolsters its arguments that Defendants had an affirmative duty to disclose bankruptcy preparations and that the so-called core operations doctrine gives rise to a strong inference of scienter here. However, *CorMedix* does not support either argument.

In *CorMedix*, this Court found that the key issue that defendants "put . . . in play" concerned "CorMedix's ability to secure FDA approval," *id.* at *5, for its "lead product candidate," a drug named DefenCath "designed to reduce catheter related infections," *id.* at *1. Specifically, this Court held that positive statements made about a third-party manufacturer entitled investors to know that numerous manufacturing deficiencies existed at the manufacturer and that an audit had concluded that the manufacturer would likely not pass FDA inspection. *Id.* at *9. This was especially so when plaintiffs argued that the audit "recommended that CorMedix not use [the selected manufacturer] and directly stated that [the selected manufacturer] would never be able to pass an FDA inspection." *Id.* at *2. Ultimately, this Court held that it was misleading, if not false, for Defendants to tout "manufacturing readiness" while simultaneously omitting the results of an audit concluding the opposite. *Id.* at *9.

Here, by contrast, there are no analogous allegations. As explained in Defendants' motion to dismiss briefing, Defendants' truthful statements about its liquidity concerns at Party City did not trigger a requirement to disclose financing efforts or bankruptcy preparations. Dkt. 42 at 3–4. Unlike the defendants in *CorMedix*, Defendants here never affirmatively stated that Party City would not file for bankruptcy while bankruptcy preparations were being made (or at any other time), much less when bankruptcy was a foregone conclusion. *Id.* at 4–5. Indeed, courts across the country have held that companies need not disclose consideration of or planning for a potential bankruptcy. *See* Dkt. 33-1 at 15–17; Dkt. 42 at 4.

Nor does *CorMedix* provide any support for Plaintiff's core operations argument. As an initial matter, in *CorMedix* this Court observed that the "core operations doctrine on its own is not sufficient to establish scienter." *CorMedix*, 2025 WL 2400346 at *23. Further, this Court's scienter analysis in *CorMedix* did not turn on the application of the core operations doctrine. Rather, in holding that scienter had been sufficiently pled, the *CorMedix* Court focused on allegations that defendants "had access to the audit," and nevertheless "assured investors" that there would be no manufacturing issues. *Id.* at *22. This Court in *CorMedix* also emphasized the alleged statements of two confidential witnesses, one of which was a former employee who purportedly "personally conducted the audit" of the selected manufacturer and "recommended that [the selected manufacturer] not be used." *Id.*

3

at *21.   And it highlighted allegations that the defendants frequently made statements professing their extensive expertise in obtaining FDA approval and that they would personally "oversee and manage the manufacture of [the drug]."  *Id.* at *22.   Only after addressing many allegations giving rise to a strong inference of scienter did this Court turn to the core operations doctrine.

In that section of the opinion, this Court explained that the core operations doctrine requires more than just pleading that the statements or omissions at issue concern a core part of the company's business.  *Id.* at *23.  Indeed, "there must be some additional allegations of specific information conveyed to management and related to fraud."  *Id.* (internal quotations omitted).  That requirement posed no bar in *CorMedix*, because, as explained above, this Court relied on allegations that management knew about the audit and the issues impacting manufacturing.

Here, by contrast, Plaintiff does not offer *any* "additional allegations" such as confidential witnesses or a single contemporaneous document suggesting scienter. Rather, Plaintiff seems to suggest that the core operations doctrine applies whenever the comments touch on an important business issue.  *See* Dkt. 33-1 at 24–38.  In any event, comments about whether an upstart biopharmaceutical company can obtain

4

FDA approval for its "lead product candidate," *CorMedix*, 2025 WL 2400346 at *1,

are hardly analogous to generic comments about liquidity and financing concerns.[1]

Because the context and allegations here are vastly different from those in

*CorMedix*, that case does not support the pleading of scienter here. Hence,

Defendants' motion to dismiss should be granted.

Dated: September 18, 2025

Respectfully submitted,

*/s/ David A. Kotler*
David A. Kotler
Andrew J. Levander (*pro hac vice*)
Neil A. Steiner (*pro hac vice*)
Angela M. Liu (*pro hac vice*)
andrew.levander@dechert.com
neil.steiner@dechert.com
david.kotler@dechert.com
angela.liu@dechert.com
DECHERT LLP
Three Bryant Park
1095 Sixth Avenue
New York, NY 10036
Tel: (212) 698-3500

Stormie B. Mauck (*pro hac vice*)
stormie.mauck@dechert.com
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2513

*Attorneys for Defendants Bradley M.*
*Weston and Todd E. Vogensen*

---

[1] In fact, as the *CorMedix* Court noted, the defendants did not even dispute that the drug's approval and the manufacturing issues impacted "the core of *CorMedix*'s business." *Levon v. CorMedix Inc.*, 2025 WL 2400346, at *24 (D.N.J. Aug. 19, 2025).  Here, Defendants argue that the statements do not concern an issue that is at the core of Party City's business, but the doctrine remains inapplicable under the facts alleged regardless of that issue.  Dkt. 33-1 at 30–31.

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, I caused a true and correct copy of the foregoing to be served upon all counsel of record via the Court's CM/ECF electronic filing system.

*/s/ David A. Kotler*
David A. Kotler