DECHERT LLP
Andrew J. Levander (*pro hac vice*)
Neil A. Steiner (*pro hac vice*)
David A. Kotler
Angela M. Liu (*pro hac vice* )
Three Bryant Park
1095 Sixth Avenue
New York, NY 10036
Tel: (212) 698-3500
andrew.levander@dechert.com
neil.steiner@dechert.com
david.kotler@dechert.com
angela.liu@dechert.com

*Attorneys for Defendants Bradley M.*
*Weston and Todd E. Vogensen*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RYAN SHULMAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　*Plaintiff*,<br><br>v.<br><br>BRADLEY M. WESTON and TODD E. VOGENSEN,<br><br>　　　　　　*Defendants*. | Civil Action No.: 2:23-cv-04121-JXN-CF |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO LEAD PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

Defendants Bradley M. Weston and Todd E. Vogensen (collectively, "Defendants"), by their undersigned counsel, hereby answer Lead Plaintiff's Amended Complaint (Dkt. No. 24) in the above-captioned proceeding. For avoidance of doubt, any allegations not expressly admitted herein by Defendants are denied. Further, Defendants are not required to respond to headings, subheadings, or footnotes of the Amended Complaint but, to the extent any response is required, unless otherwise expressly stated, Defendants deny the allegations and characterizations of allegations set forth in the headings, subheadings, or footnotes of the Amended Complaint. Defendants answer the allegations of the like-numbered paragraphs and subparagraphs of the Amended Complaint as follows:

1.      Defendants admit only that this action purports to be a securities class action on behalf of purchasers or acquirers of Party City common stock between November 8, 2022 and June 9, 2023. Defendants deny all other allegations in this paragraph.

2.      Defendants admit only that Party City's Form 10-Q for the quarter ended September 30, 2022 ("Q3 2022 10-Q") was filed with the SEC on November 8, 2022. Defendants deny all other allegations in this paragraph.

3.      The allegations in this paragraph are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the

allegations and refer to Party City's Q3 2022 10-Q for a complete and accurate statement of its contents.

4.    Defendants admit only that Party City filed for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code on or about January 17, 2023 and that Party City filed its Q3 2022 10-Q with the SEC on or about November 8, 2022. Defendants deny all other allegations in this paragraph.

5.    Defendants admit only that all outstanding shares of Party City's common stock were canceled, as of the effective date of the Plan of Reorganization entered in the 2023 bankruptcy proceedings (*In re: Party City Holdco Inc., et. al.*, No. 23-90005 (Bankr. S.D. Tex. 2023) Dkt. No 1711). Defendants lack sufficient information to answer the remaining allegations in this paragraph.

6.    Defendants admit only that Party City filed a Form 8-K with the SEC on June 9, 2023 and refer to that document for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

7.    Defendants admit only that Party City's auditor, Ernst & Young, resigned and that Party City filed a Form 8-K with the SEC on June 9, 2023. Defendants refer to the Form 8-K filed on June 9, 2023 for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

8.    Defendants admit only that Party City filed a restated Form 10-Q for the quarter ended September 30, 2022 ("Restated Q3 2022 10-Q") with the SEC on

March 28, 2024 and refer to that document for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

9.      Defendants deny the allegations in this paragraph.

10.     Defendants deny the allegations in this paragraph and refer to the Declarations filed in the bankruptcy proceedings for a complete and accurate statement of their contents.

11.     Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Defendants admit only that Plaintiff purports to bring claims against Defendants; that Party City is not named as a defendant in this action; that each Defendant signed certifications pursuant to Section 302 of the Sarbanes-Oxley Act; and that Defendants resigned from their respective positions as CEO and CFO of Party City. Defendants refer to the signed Certifications for a complete and accurate statement of their contents. Defendants deny all other allegations in this paragraph.

13.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

14.     Defendants admit only that Plaintiff purports to assert claims on behalf of a purported class under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"). Defendants deny all claims of liability, deny that they

-3-

violated the Exchange Act or any other law, deny that any purchasers or acquirers of Party City common stock suffered damages, and deny all other allegations in this paragraph.

15. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that this court has subject matter jurisdiction over this action.

16. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that venue is proper in the district of New Jersey. Defendants deny all other allegations in this paragraph.

17. Defendants deny the allegations in this paragraph.

18. Defendants lack sufficient knowledge or information to answer the allegations in this paragraph.

19. Defendants admit only that Bradley M. Weston was Party City's CEO between November 8, 2022 and June 9, 2023; that he signed Certifications appended as exhibits to certain of Party City's public filings; and that he resigned as CEO of Party City effective November 3, 2023. To the extent allegations in this paragraph purport to characterize the signed Certifications or the Q3 2022 10-Q, Defendants deny the allegations and refer to those documents for a complete and

accurate statement of their contents. Defendants deny all other allegations in this paragraph.

20.    Defendants admit only that Todd E. Vogensen was Party City's CFO between November 8, 2022 and June 9, 2023; that he signed Certifications appended as exhibits to certain of Party City's public filings; and that he resigned as CFO of Party City effective August 20, 2023. To the extent allegations in this paragraph purport to characterize the signed Certifications or the Q3 2022 10-Q, Defendants deny the allegations and refer to those documents for a complete and accurate statement of their contents. Defendants deny all other allegations in this paragraph.

21.    The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

22.    Defendants admit that at times relevant to the Complaint, Party City was incorporated in Delaware and had its principal executive offices located in Woodcliff Lake, NJ. Defendants deny all other allegations in this paragraph.

23.    Defendants admit only that Party City filed for Chapter 11 bankruptcy on or about January 17, 2023; that the 2023 Chapter 11 proceedings are captioned *In re: Party City Holdco Inc., et al.*, No. 23-90005 (Bankr. S.D. Tex. 2023); that the court approved Party City's financial restructuring plan on September 6, 2023 (*id.*

Dkt. No. 1711); that Party City is not named as a defendant in this action; and that all outstanding shares of Party City's common stock were canceled, as of the effective date of the 2023 Plan of Reorganization (No. 23-90005, Dkt. No. 1672). To the extent the allegations in this paragraph purport to characterize orders of the bankruptcy court or bankruptcy filings, Defendants deny the allegations and refer to those documents for a complete and accurate statement of their contents. Defendants deny all other allegations in this paragraph.

24.     Defendants admit only that Party City retained certain indemnification obligations in its 2023 Plan of Reorganization (No. 23-90005, Dkt. No. 1672) and refer to the 2023 Plan of Reorganization for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

25.     Defendants admit only that they are entitled to certain insurance coverage under Party City's Directors' and Officers' Liability Insurance Policies and that the 2023 Plan of Reorganization contained certain provisions concerning Party City's Directors' and Officers' Liability Insurance Policies. Defendants refer to the 2023 Plan of Reorganization for a complete and accurate statement of its contents. Defendants lack sufficient information to answer the remaining allegations in this paragraph.

26.     Defendants admit only that Party City's common stock traded on the New York Stock Exchange ("NYSE") under the symbol "PRTY" from prior to the

-6-

purported class period until February 14, 2023 and that Party City's common stock traded on the OTC Pink Open Market under the symbol "PRTYQ" from February 14, 2023 until on or about October 12, 2023.

27.     Defendants admit only that Party City's common stock was canceled on the effective date of the 2023 Plan of Reorganization and refer to the 2023 Plan of Reorganization for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

28.     Defendants lack sufficient information to answer the allegations in this paragraph.

29.     Defendants lack sufficient information to answer the allegations in this paragraph.

30.     Defendants lack sufficient information to answer the allegations in this paragraph.

31.     Defendants lack sufficient information to answer the allegations in this paragraph.

32.     Defendants lack sufficient information to answer the allegations in this paragraph.

33.     Defendants lack sufficient information to answer the allegations in this paragraph.

34.    Defendants admit only that Party City's Form 10-Q for the first quarter of 2022 ("Q1 2022 10-Q") was filed with the SEC on May 9, 2022 and refer the Court to that document for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

35.    Defendants refer to Party City's Q1 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

36.    Defendants refer to Party City's Q1 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

37.    Defendants deny the allegations in this paragraph.

38.    Defendants refer to Party City's Q1 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

39.    Defendants admit the allegations in this paragraph.

40.    Defendants refer to Party City's Form 10-Q for the second quarter of 2022 ("Q2 2022 10-Q") for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

41. Defendants refer to Party City's Q2 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

42. Defendants deny the allegations in this paragraph.

43. Defendants deny the allegations in this paragraph.

44. Defendants admit only that Party City filed its Q3 2022 10-Q on or about November 8, 2022. Defendants deny all other allegations in this paragraph.

45. Defendants deny the allegations in this paragraph.

46. Defendants refer to Party City's Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

47. Defendants refer to Party City's Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

48. Defendants deny the allegations in this paragraph.

49. Defendants refer to Party City's Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

50.    Defendants refer to Party City's Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

51.    Defendants refer to Party City's Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

52.    Defendants refer to Party City's Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

53.    Defendants refer to Party City's Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

54.    Defendants deny the allegations in this paragraph.

55.    Defendants admit only that Party City filed for bankruptcy on or about January 17, 2023. Defendants refer to Party City's Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

56.    Defendants admit that Party City's 2023 Chapter 11 bankruptcy filing resulted in the 2023 Plan of Reorganization and not in a liquidation. Defendants deny all other allegations in this paragraph.

57. Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph.

58. Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph.

59. Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph.

60. Defendants refer to the Declaration of Adam B. Keil (No. 23-90005, Dkt. No. 12) for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

61. Defendants deny the allegations in this paragraph and refer to Party City's 10-Qs for a complete and accurate statement of their contents.

62. Defendants refer to the Keil Declaration for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

63. Defendants refer to Party City's brief in the Bankruptcy proceedings (No. 23-90005, Dkt. No. 10) for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

64. Defendants deny the allegations in this paragraph.

65. Defendants refer to the Declaration of David Orlofsky, Jan 18, 2023, (No. 23-90005, Dkt. No. 11) for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

66.   Defendants refer to the Declaration of Kenneth S. Ziman (No. 23-90005, Dkt. No. 216-1) and the engagement letter between Paul, Weiss, Rifkind, Wharton & Garrison LLP and Party City (*id.*) for a complete and accurate statement of their contents. Defendants deny all other allegations in this paragraph.

67.   Defendants refer to the Declaration of David Orlofsky dated Aug. 31, 2023, (No. 23-90005, Dkt. No. 1676) for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

68.   Defendants refer to the Moelis engagement letter (No. 23-90005, Dkt. No. 233-1) for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

69.   Defendants admit only that Defendant Vogensen signed the Moelis engagement letter (No. 23-90005, Dkt. No. 233-1) referenced in this paragraph on behalf of Party City. Defendants deny all other allegations in this paragraph.

70.   Defendants refer to the Keil Declaration (No. 23-90005, Dkt. No. 12) for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

71.   Defendants refer to Party City's filings in the bankruptcy court for a complete and accurate statement of their contents. Defendants lack sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph.

72.     Defendants deny the allegations in this paragraph and refer to Party City's public filings for a complete and accurate statement of their contents.

73.     Defendants deny the allegations in this paragraph.

74.     Defendants refer to the documents filed in the bankruptcy proceeding for a complete and accurate statement of their contents. Defendants deny all other allegations in this paragraph.

75.     Defendants refer to the Declaration of David Orlofsky, Jan. 18, 2023, (No. 23-90005, Dkt. No. 11) for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

76.     Defendants refer to the Keil Declaration (No. 23-90005, Dkt. No. 12) for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

77.     Defendants refer to the filing in the bankruptcy proceeding for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

78.     Defendants refer to the Orlofsky Declaration, Jan. 18, 2023 (No. 23-90005, Dkt. No. 11) for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

79.     Defendants deny the allegations in this paragraph.

-13-

80. Defendants admit only that Party City filed a Form 8-K with the SEC on or about June 9, 2023, and refer to that 8-K for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

81. Defendants refer to Party City's Form 8-K filed with the SEC on June 9, 2023 for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

82. Defendants deny the allegations in this paragraph.

83. Defendants refer to Party City's Form 8-K filed with the SEC on June 9, 2023 for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

84. Defendants deny the allegations in this paragraph.

85. Defendants deny the allegations in this paragraph.

86. Defendants deny the allegations in this paragraph.

87. Defendants refer to Party City's Form 8-K filed with the SEC on June 9, 2023 and the copy of the E&Y letter annexed thereto for a complete and accurate statement of their contents. Defendants deny all other allegations in this paragraph.

88. Defendants deny the allegations in this paragraph.

89. Defendants deny the allegations in this paragraph.

90. Defendants deny the allegations in this paragraph.

-14-

91.     Defendants admit only that Defendant Vogensen signed E&Y's Engagement letter for the fiscal 2022 audit and a separate Master Services Agreement governing E&Y's work on bankruptcy matters (No. 23-90005 Dkt. No. 404-1) and refer to those documents for a complete and accurate statement of their contents. Defendants deny all other allegations in this paragraph.

92.     Defendants admit only that the Audit Committee retained Goodwin Procter LLP to perform an internal investigation. Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

93.     Defendants admit only that Goodwin Procter was retained to conduct an internal investigation of Party City, that Vogensen resigned effective August 20, 2023, and that Weston resigned effective November 3, 2023. Defendants deny all other allegations in this paragraph.

94.     Defendants admit the allegations in this paragraph.

95.     Defendants refer to the Restated Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

96.     Defendants refer to the Restated Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

-15-

97.    Defendants refer to the Restated Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

98.    Defendants refer to the Restated Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

99.    Defendants refer to the Restated Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

100.    Defendants refer to the Restated Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

101.    Defendants refer to the Restated Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

102.    Defendants deny the allegations in this paragraph.

103.    Defendants lack information sufficient to form a belief as to the truth of the allegations in this paragraph.

104. Defendants refer to ASC 205-40-20 for a complete and accurate statement of its contents. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

105. Defendants deny the allegations in this paragraph.

106. Defendants refer to ASC 205-40-50-5 for a complete and accurate statement of its contents. The remaining allegations are legal conclusions to which no response is required. To the extent that a further response is required, Defendants deny all other allegations in this paragraph.

107. Defendants refer to ASC 205-40-55-2 for a complete and accurate statement of its contents. The remaining allegations are legal conclusions to which no response is required. To the extent that a further response is required, Defendants deny all other allegations in this paragraph.

108. Defendants deny the allegations in this paragraph.

109. Defendants deny the allegations in this paragraph.

110. Defendants deny the allegations in this paragraph.

111. Defendants refer to ASC 350-20 for a complete and accurate statement of its contents.

112. Defendants refer to ASC 350-20 for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

113. Defendants deny the allegations in this paragraph.

-17-

114.  Defendants deny the allegations in this paragraph.

115.  Defendants deny the allegations in this paragraph.

116.  Defendants deny the allegations in this paragraph.

117.  Defendants deny the allegations in this paragraph.

118.  Defendants deny the allegations in this paragraph.

119.  Defendants deny the allegations in this paragraph.

120.  Defendants refer to Item 303 of Regulation S-K, codified at 17 C.F.R. § 229.303, for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

121.  Defendants refer to Item 303 of Regulation S-K, codified at 17 C.F.R. § 229.303, for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

122.  Defendants refer to Item 303 of Regulation S-K, codified at 17 C.F.R. § 229.303, for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

123.  Defendants refer to Item 303 of Regulation S-K, codified at 17 C.F.R. § 229.303, for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

124. Defendants refer to Item 303 of Regulation S-K, codified at 17 C.F.R. § 229.303, for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

125. Defendants refer to Item 303 of Regulation S-K, codified at 17 C.F.R. § 229.303, for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

126. Defendants refer to Item 303 of Regulation S-K, codified at 17 C.F.R. § 229.303, for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

127. Defendants refer to Item 303 of Regulation S-K, codified at 17 C.F.R. § 229.303, for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

128. Defendants deny the allegations in this paragraph.

129. Defendants deny the allegations in this paragraph.

130. Defendants deny the allegations in this paragraph.

131. Defendants deny the allegations in this paragraph.

132. The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a further response is required, Defendants deny the allegations in this paragraph.

133. Defendants deny the allegations in this paragraph.

134.    Defendants admit only that they held shares of Party City common stock during the purported class period. Defendants deny Plaintiff's characterization thereof. Defendants deny all other allegations in this paragraph.

135.    Defendants refer to the referenced SEC Forms 4 for a complete and accurate statement of their contents and deny all allegations inconsistent therewith.

136.    Defendants refer to the referenced SEC Form 4 filings for a complete and accurate statement of their contents and deny all allegations inconsistent therewith.

137.    Defendants deny the allegations in this paragraph.

138.    Defendants deny the allegations in this paragraph.

139.    Defendants refer to the referenced SEC Form 4 filings for a complete and accurate statement of their contents and deny all allegations inconsistent therewith.

140.    Defendants refer to the referenced SEC Form 4 filings for a complete and accurate statement of their contents and deny all allegations inconsistent therewith.

141.    Defendants deny the allegations in this paragraph and refer to the SEC Form 4 filings for a complete and accurate statement of their contents.

142.   Defendants deny the allegations in this paragraph and refer to Party City's April 26, 2022 proxy statement for a complete and accurate statement of its contents.

143.   Defendants refer to the Party City Form 10-K for the year ended December 31, 2022, for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

144.   Defendants refer to the Party City Form 10-K for the year ended December 31, 2022, for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

145.   Defendants deny the allegations in this paragraph.

146.   Defendants deny the allegations in this paragraph.

147.   Defendants refer to the Q1 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

148.   Defendants deny the allegations in this paragraph.

149.   Defendants refer to the Q1 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

150.   Defendants refer to the Q1 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

151.   Defendants refer to the Q2 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

152.   Defendants deny the allegations in this paragraph.

153.   Defendants refer to the Q2 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

154.   Defendants refer to the Q2 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

155.   Defendants refer to the Q2 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

156.   Defendants deny the allegations in this paragraph.

157.   Defendants refer to the Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

158.   Defendants deny the allegations in this paragraph.

159.   Defendants refer to the Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

160.   Defendants refer to the Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

161.   Defendants refer to the Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

162.   Defendants deny the allegations in this paragraph.

163.   Defendants refer to the Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

164.   Defendants deny the allegations in this paragraph.

165.   Defendants refer to the Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

166.   Defendants refer to the Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

167.   Defendants admit only that they signed the Sarbanes-Oxley Certifications included in the Q3 2022 10-Q and refer to those Certifications for a complete and accurate statement of their contents.

168.   Defendants admit only that they signed the Certification Pursuant to 18 U.S.C. § 1350 included in the Q3 2022 10-Q and refer to Certification for a complete and accurate statement of its contents.

169.   Defendants deny the allegations in this paragraph.

170.   Defendants deny the allegations in this paragraph.

171.   Defendants refer to the transcript of the third quarter 2022 earnings call for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

172.   Defendants refer to the transcript of the third quarter 2022 earnings call for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

173.   Defendants refer to the transcript of the third quarter 2022 earnings call for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

174.   Defendants deny the allegations in this paragraph.

175.   Defendants admit only that Defendant Weston was on the earnings call for the third quarter 2022. Defendants deny all other allegations in this paragraph.

176.   Defendants deny the allegations in this paragraph.

177.   Defendants admit only that Defendant Weston was the CEO of Party City at certain relevant times and signed certain Certifications annexed to certain of Party City's public filings. Defendants deny all other allegations in this paragraph.

178.   Defendants admit only that Defendant Vogensen was the CFO of Party City at certain relevant times and signed certain Certifications annexed to certain of Party City's public filings. Defendants deny all other allegations in this paragraph.

179.   Defendants deny the allegations in this paragraph.

180.   Defendants deny the allegations in this paragraph.

181.   Defendants deny the allegations in this paragraph.

182.   Defendants deny the allegations in this paragraph.

183.   Defendants deny the allegations in this paragraph.

184.   Defendants refer to the cited public filings for a complete and accurate statement of their contents. Defendants deny all other allegations in this paragraph.

-24-

185. Defendants admit only that E&Y was Party City's auditor at certain times and that E&Y resigned. Defendants deny all other allegations in this paragraph.

186. Defendants refer to E&Y's letter to the SEC for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

187. Defendants admit only that Party City's Audit Committee retained Goodwin Procter in April 2023, that Defendant Vogensen resigned effective August 20, 2023, and that Defendant Weston resigned effective November 3, 2023. Defendants refer to Party City's Form 8-K filed on June 9, 2023 for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

188. Defendants refer to the July 12, 2023 SEC letter for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

189. Defendants deny the allegations in this paragraph.

190. Defendants deny the allegations in this paragraph.

191. Defendants deny the allegations in this paragraph.

192. Defendants deny the allegations in this paragraph.

193. Defendants deny the allegations in this paragraph.

194.    Defendants deny the allegations in this paragraph.

195.    Defendants deny the allegations in this paragraph.

196.    Defendants deny the allegations in this paragraph.

197.    Defendants deny the allegations in this paragraph.

198.    Defendants deny the allegations in this paragraph.

199.    Defendants refer to the *Wall Street Journal* article for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

200.    Defendants refer to the actual trading records of the NYSE for a complete and accurate statement of such records. Defendants deny all other allegations in this paragraph.

201.    Defendants admit only that Party City filed for bankruptcy under Chapter 11 of the U.S. Bankruptcy Code on or about January 17, 2023, and refer to Party City's bankruptcy filings for a complete and accurate statement of their contents. Defendants deny all other allegations in this paragraph.

202.    Defendants admit only that Party City filed a Form 8-K with the SEC on January 18, 2023 and refer to the Form 8-K for a complete and accurate statement of its contents. Defendants further refer to the actual trading records of the NYSE for a complete and accurate statement of such records. Defendants deny all other allegations in this paragraph.

-26-

203. Defendants refer to the Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

204. Defendants refer to Party City's Form 8-K filed on June 9, 2023 for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

205. Defendants refer to Party City's Form 8-K filed on June 9, 2023 for a complete and accurate statement of its contents. Defendants further refer to the actual trading records of the NYSE for a complete and accurate statement of such records. Defendants deny all other allegations in this paragraph.

206. Defendants refer to the Restated Q3 2022 10-Q for a complete and accurate statement of its contents. Defendants deny all other allegations in this paragraph.

207. The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

208. The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants admit that Party City's stock was traded on the NYSE and OTC Pink Open Market at certain relevant times, that Party City submitted periodic reports to the SEC at

certain relevant times, and that Party City issued press releases at certain relevant times. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

209.    The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

210.    Defendants deny the allegations in this paragraph.

211.    The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

212.    The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

213.    The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

214. Defendants admit only that Plaintiff purports to bring a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The remaining allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent a response is required, Defendants deny all other allegations in this paragraph.

215. Defendants admit that Plaintiff purports to exclude from the purported class the Defendants and members of their immediate family, all other officers and directors of Party City during the purported class period, and any entity which Party City held during the purported class period.

216. The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

217. The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

218. The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

-29-

219.    The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

220.    The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

221.    The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

222.    The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

223.    Defendants deny the allegations in this paragraph.

224.    Defendants deny the allegations in this paragraph.

225.    Defendants deny the allegations in this paragraph.

### AS AND FOR A RESPONSE TO COUNT I

226.    Defendants repeat and incorporate by reference each and every paragraph set forth above as if fully set forth herein.

-30-

227. Defendants deny the allegations in this paragraph.

228. Defendants deny the allegations in this paragraph.

229. Defendants deny the allegations in this paragraph.

230. Defendants deny the allegations in this paragraph.

231. Defendants deny the allegations in this paragraph.

232. Defendants deny the allegations in this paragraph.

## AS AND FOR A RESPONSE TO COUNT II

233. Defendants repeat and incorporate by reference each and every paragraph set forth above as if fully set forth herein.

234. The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

235. The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

236. The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

237.   The allegations in this paragraph are legal conclusions or arguments to which no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

238.   Defendants deny the allegations in this paragraph.

239.   Defendants deny the allegations in this paragraph.

## AS AND FOR A RESPONSE TO THE PRAYER FOR RELIEF

240.   WHEREFORE, Defendants request that the Court deny all relief requested by Plaintiffs in this paragraph (and subparagraphs (a)-(d)) and grant such other and further relief as the Court deems just and proper.

## AS AND FOR A RESPONSE TO THE JURY DEMAND

241.   Defendants admit that Plaintiff purports to demand a jury trial.

## STATEMENT OF DEFENDANTS PRAYER FOR RELIEF

Defendants seek all equitable or other relief against Plaintiff as a consequence of defending this action, including attorneys' fees and costs if warranted.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or productions not otherwise legally assigned to them as to any element of Plaintiff's claims, Defendants assert the following affirmative defenses, which apply to each and every cause of action asserted in the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims he purports to assert.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Defendants upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to plead his claims against Defendants with the requisite particularity, as required under Federal Rule of Civil Procedure 9(b), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), or any other applicable standard.

## FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff because neither Defendant made any false or misleading statements or omissions of material fact.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, because Defendants' alleged misstatements or omissions were not material to the investment decisions of a reasonable investor in view of the total mix of information available to investors. Plaintiff is not entitled to any recovery from Defendants because he would have purchased any relevant Party City security even with full knowledge of

the facts that he now alleges were misrepresented or omitted; Plaintiff did not act, or choose not to act, based upon any alleged act or omission of Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, because Defendants' alleged misstatements are non-actionable statements containing repetition of publicly-available information, forward-looking statements, statements accompanied by meaningful cautionary language, statements of opinion, and/or non-actionable statements under the bespeaks caution doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are non-actionable to the extent that they allege untrue statements of material fact, omissions of material fact, misleading statements, breach of the duty to update and/or other challenged statements allegedly attributable to Defendants that fall within the Safe Harbor provisions of the PSLRA, including without limitation 15 U.S.C. §§ 78u-4 and 78u-5.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, because they are predicated on statements of opinion or belief, which Plaintiff cannot prove were objectively false when made. Plaintiff also cannot prove that these statements misrepresented the speaker's subjective opinion or belief.

## NINTH AFFIRMATIVE DEFENSE

Certain purportedly material information alleged in the Amended Complaint to have been omitted in Party City's SEC filings were matters of public knowledge or truth-on-the-market and therefore were not required to be disclosed. Plaintiff's claims with respect to such information therefore are barred. Moreover, no person or entity may recover from Defendants to the extent such person or entity had actual or constructive knowledge of the facts alleged to have been concealed or misrepresented.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of loss causation. Without limiting the foregoing, Defendants are not liable to Plaintiff because factors other than the alleged misstatements and omissions influenced the price of Party City securities when Plaintiff allegedly purchased such securities. Factors unrelated to the alleged misrepresentations and omissions in the relevant public disclosures caused all or some of the alleged decline in value of Party City securities, and/or an insufficient number of traders in those securities relied on the allegedly false and misleading statements or omissions to affect the value of the securities.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, for lack of causation. No act or omission attributed to Defendants in the Amended Complaint was the

-35-

actual or proximate cause of any alleged injury suffered by Plaintiff, and no act or omission attributed to Defendants in the Amended Complaint caused the alleged loss for which Plaintiff seeks damages. Moreover, Defendants are not liable for any alleged damages suffered by Plaintiff to the extent that (i) the negligent, reckless, or willful acts of others constituted independent, intervening, and superseding causes, (ii) Plaintiff's purported injuries and damages, if any, were caused or contributed to, in whole or in part, by Plaintiff himself, or (iii) Plaintiff's purported injuries and damages, if any, were caused or contributed to, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Defendants over which Defendants have no control.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, for lack of actual and/or justifiable reliance on Defendants' alleged misstatements and omissions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, because Plaintiff relied exclusively upon his own reasonable judgment and decisions, independent investigations, and the advice of his professional investment advisors in making his alleged purchase or sale of Party City securities during the Class Period.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover from Defendants because he purchased Party City securities with the actual or constructive knowledge of the risks involved in an investment in such offered securities and assumed the risk that the value of the securities would decline if risks materialized.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, by operation of the applicable statute(s) of limitations and/or repose and the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover from Defendants because Defendants had no reasonable ground to believe and did not believe that the statements alleged in the Amended Complaint were false or that there was an omission of material fact required to be stated therein or necessary to make the challenged statements not misleading.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, because Defendants acted at all times in good faith and without knowledge or intent to commit securities fraud and did not directly or indirectly participate in or induce any unlawful acts. Defendants had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading. Defendants reasonably relied

-37-

upon the work, opinions, information, representations, and advice of others upon whom they were entitled to rely.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, because, in connection with the making of any alleged misstatement or omission, Defendants exercised reasonable care and diligence and/or reasonably relied on others. Defendants in good faith believed such statements to be materially accurate and not misleadingly incomplete.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because this action may not be maintained as a class action under the requirements of Federal Rule of Civil Procedure 23 because, among other reasons, the named Plaintiff is not a proper class representative.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages Plaintiff alleges to have suffered and is thus barred from recovering damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, because Defendants neither owed nor breached any duty to Plaintiff to disclose information allegedly

omitted in any relevant public disclosure, and were under no duty to revise, update, or correct any previously made statements.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants did not have "control" over any person or entity primarily liable, as the term "control" is defined in the federal securities laws.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants are not subject to control person liability under § 20(a) of the Exchange Act because they acted in good faith and did not directly or indirectly induce any of the alleged acts that would constitute a violation of the Exchange Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent Defendants are found liable for any of Plaintiff's claims, they are entitled to contribution from other persons whose acts or omissions contributed to the occurrence of the alleged injury and/or loss.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Defendants are found liable, any damage, loss, or liability sustained by Plaintiff must be reduced or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Defendants under principles of equitable allocation, recoupment, set-off, proportionate responsibility, and

comparative fault, including under the proportionate liability provisions of the federal securities laws.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Other parties not named in the Amended Complaint may be indispensable parties to this action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The damages in the Amended Complaint are too speculative to be recoverable at law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Persons who acquired any Party City security after Party City made generally available to its security holders information that was allegedly omitted from any relevant public disclosure, or after Party City made generally available to its security holders information that otherwise corrected any of the challenged statements alleged in the Amended Complaint cannot recover, because they cannot prove they acquired the security relying upon the alleged untrue statements in, or not knowing of the alleged omissions from, any such public disclosure or statement.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, because Defendants are not responsible in law or in fact for alleged false or misleading statements or omissions by others.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants are absolved from any and all liability for the wrongs alleged in the Amended Complaint by reason of their compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Amended Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Insofar as any injuries to Plaintiff were caused by any action on part of either Defendant, which Defendants expressly deny, such action was not intentional or willful.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Answers to each paragraph of the Amended Complaint are made by Defendants without waiving, but expressly reserving, all rights they may have to seek relief by appropriate motions concerning the allegation in the Amended Complaint.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff would be unjustly enriched if he were permitted to obtain any recovery in this action.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrine of waiver.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrines of law of the case, res judicata, and collateral estoppel.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred, in whole or in part, because of Plaintiff's inequitable conduct and unclean hands.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because Plaintiff has an adequate remedy at law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Party City's bankruptcy filings, including its 2023 Plan of Reorganization and the bankruptcy court's retention of exclusive jurisdiction over estate-related claims.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, when Party City was delisted from NYSE and traded on OTC Pink Open Market.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Amended Complaint fails to allege a "deceptive device" or "manipulative act" constituting a

-42-

"scheme to defraud" separate and distinct from alleged misstatements and omissions.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Defendants' reasonable reliance on independent auditors and other experts.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims regarding going concern and goodwill are barred, in whole or in part, because ASC 205-40 and ASC 350-20 require complex professional judgment and forward-looking assessments.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Item 303 violations do not create an independent private right of action under Section 10(b) or Rule 10b-5, and such claims are thus barred.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by *in pari delicto* to the extent Plaintiff acts as assignee of or derivatively for Party City or its bankruptcy estate.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by judicial estoppel to the extent Plaintiff or Class Members took inconsistent positions in bankruptcy proceedings.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

The confirmed 2023 Plan of Reorganization and related bankruptcy court orders constitute a ratification and approval by the bankruptcy court of Defendants' conduct and Party City's retention of indemnification obligations to Defendants, barring or limiting Plaintiff's claims against Defendants.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they may rely on other defenses if and when such defenses become known during the course of litigation, and hereby reserve the right to amend their answer and to assert additional defenses, crossclaims, counterclaims, and third-party claims as they become known or available.

Dated: February 11, 2026          Respectfully submitted,

*/s/ David A. Kotler*

David A. Kotler
Andrew J. Levander (*pro hac vice*)
Neil A. Steiner (*pro hac vice*)
Angela M. Liu (*pro hac vice*)
andrew.levander@dechert.com
neil.steiner@dechert.com
david.kotler@dechert.com
angela.liu@dechert.com

DECHERT LLP
Three Bryant Park
1095 Sixth Avenue
New York, NY 10036
Tel: (212) 698-3500

-44-

Stormie B. Mauck (*pro hac vice*)
stormie.mauck@dechert.com

DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2513

*Attorneys for Defendants Bradley M. Weston and Todd E. Vogensen*

-45-

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I served a true and correct copy of the foregoing upon all counsel of record via the Court's CM/ECF electronic filing system.

*s/ David A. Kotler*
David A. Kotler

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

Defendants, by their attorneys, hereby certify that to the best of their knowledge, the matter in controversy is not related to any other action. Defendants are not currently aware of any other party who should be joined in this action. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

Dated: February 11, 2026       Respectfully submitted,

*/s/ David A. Kotler*
David A. Kotler
Andrew J. Levander (*pro hac vice*)
Neil A. Steiner (*pro hac vice*)
Angela M. Liu (*pro hac vice*)
andrew.levander@dechert.com
neil.steiner@dechert.com
david.kotler@dechert.com
angela.liu@dechert.com

DECHERT LLP
Three Bryant Park
1095 Sixth Avenue
New York, NY 10036
Tel: (212) 698-3500

Stormie B. Mauck (*pro hac vice*)
stormie.mauck@dechert.com

DECHERT LLP
Cira Centre

2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2513

*Attorneys for Defendants Bradley M.*
*Weston and Todd E. Vogensen*