**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RYAN SHULMAN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>BRADLEY M. WESTON and TODD E. VOGENSEN,<br><br>      Defendants. | Civil Action No. 2:23-cv-04121-JXN-CF<br><br>Hon. Julien Neals, U.S.D.J.<br>Hon. Cari Fais, U.S.M.J. |

## STIPULATION AND CONFIDENTIALITY ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.      Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, media, or thing, or portion of any document, media, or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or a similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is understood that counsel for a party may give advice and opinions to his or her client relating to the above-captioned action based on his or her evaluation of Confidential material.

1

3.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a)      Attorneys of record in this litigation, outside counsel (herein defined as counsel of record, including any attorney, paralegal, and other law firm personnel, employees and contractors retained by the counsel of record for the parties), and relevant in-house counsel for the parties, if any;

(b)      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(c)      Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing, and any contract or temporary attorneys retained or hired by outside counsel for purposes of discovery in this litigation;

(d)      The Court and any appellate court to which this lawsuit is appealed, and court personnel of any such court;

(e)      Any deponent may be shown or examined on any information, document or thing designated Confidential, provided that such persons are not allowed to retain any documents or other material containing Confidential information, and potential witnesses whose depositions have been noticed and who sign the form attached hereto as Exhibit A in order to view Confidential information during a deposition, except the following categories of deponents shall not be required to sign Exhibit A in order to view Confidential information during the deposition:

(1) Current or former officers, employees or directors of the producing party;

(2) Individuals (including any Rule 30(b)(6) deponents) represented, for purposes of their deposition, by counsel for the producing party, or by counsel for a party to this litigation that has a joint interest in this litigation with the producing party; and

(3) Original authors or recipients of the Confidential information.

In the event that a deponent otherwise required to sign Exhibit A in order to view Confidential material refuses to do so, the deponent shall not be shown the Confidential material and the deponent's deposition shall not be considered complete until the deposing party has had an opportunity to raise and resolve the issue with the Court. The parties may seek consent from the producing party to waive the requirement of obtaining a signed Exhibit A on a case by case basis.

(f)      Mediators and arbitrators and their staff, as engaged by the parties or appointed by the Court;

2

(g)    Vendors retained by or for the parties to host the parties' electronic data or to assist in preparing for pretrial discovery, trial and/or hearings, including but not limited to e-discovery vendors, litigation support personnel, jury consultants, individuals who prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, court reporters, stenographers, and clerical employees whose duties and responsibilities require access to such materials;

(h)    Any insurance carriers or their representatives, whose insurance coverage is implicated by or who are paying defense costs associated with this litigation; and

(i)    The parties.

4.    Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual until and unless: (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5.    With respect to any depositions that involve a disclosure of Confidential material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential material during the deposition, or within ten (10) days thereafter, and may have until thirty (30) days after receipt of the final deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential, which periods may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d), (f), and (i) and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d), (f), and (i) during those thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and shall limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

6.    If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)    Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

3

(b)      If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7.      Any document designated "Confidential" by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

8.      If the need arises during trial or at any hearing before the Court for any party to disclose Confidential material, it may do so only after giving notice to the producing party and as directed by the Court.

9.      Data Breach. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

10.      The inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidentiality Order.

11.      The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection. The disclosing party or non-party shall retain the burden of establishing the privileged or protected nature of any inadvertently or mistakenly disclosed information, document, or thing.

12.     If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

13.     No information that has previously been disclosed or otherwise available through alternative public means, information that is in the public domain, or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Confidentiality Order.

14.     This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

15.     This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

16.     Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and return to the originating source all originals and unmarked copies of documents and things marked Confidential, or to destroy all copies of such material; provided, however, that parties and counsel may retain complete copies of all transcripts, court filings, and work product summarizing, referencing, or quoting Confidential material, for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

Dated:  March 13, 2026

/s/ Michael Dell'Angelo
Michael Dell'Angelo (NJ Bar No. 32581997)
Jon Lambiras
Alex Heller (NJ Bar No. 170752015)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
mdellangelo@bergermontague.com
jlambiras@bergermontague.com
aheller@bergermontague.com

*Lead Counsel for Lead Plaintiff and the
Putative Class*

Joshua H. Grabar (*pro hac vice*)
Grabar Law Office
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (267) 507-6085
jgrabar@grabarlaw.com

*Counsel for Lead Plaintiff and the
Putative Class*

/s/ David A. Kotler
David A. Kotler
Andrew J. Levander (*pro hac vice*)
Neil A. Steiner (*pro hac vice*)
Angela M. Liu (*pro hac vice*)
andrew.levander@dechert.com
neil.steiner@dechert.com
david.kotler@dechert.com
angela.liu@dechert.com
DECHERT LLP
Three Bryant Park
1095 Sixth Avenue
New York, NY 10036
Tel: (212) 698-3500
Stormie B. Mauck (*pro hac vice*)
stormie.mauck@dechert.com

6

DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000

**IT IS** on this 16th day of March, 2026,

**SO ORDERED.**

*/s/ Cari Fais*
HON. CARI FAIS, U.S.M.J.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| RYAN SHULMAN, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>BRADLEY M. WESTON and TODD E. VOGENSEN,<br><br>                Defendants. | Civil Action No. 2:23-cv-04121-JXN-CF<br><br>Hon. Julien Neals, U.S.D.J.<br>Hon. Cari Fais, U.S.M.J.<br><br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer, if relevant to these proceedings, is _____

_____ and the address of my present employment is _____

_____.

3. My present occupation or job description is _____

_____.

4. I have carefully read and understood the provisions of the Confidentiality Order in this case

signed by the Court, and I will comply with all provisions of the Confidentiality Order.

8

9

5. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential material or any words, summaries, abstracts, or indices of Confidential material disclosed to me.

6. I will limit use of Confidential material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    Printed Name: _____

Signature: _____